11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jerry and Janis Lynch

Appellants

Vs.                   No.  11-00-00348-CV B Appeal from Dallas County

Dallas County Child Protective Services Unit
of the 

Texas Department of
Protective and Regulatory Services

Appellee

 

Jerry and
Janis Lynch appeal from the trial court=s order denying their AMotion of Frivolous Claim.@  The Lynches bring four issues
on appeal challenging the trial court=s order and seeking an award of costs and attorney=s fees. 
We affirm.

On
December 28, 1999, Dallas County Child Protective Services (DCCPS) received a
report that the Lynches= two children were being neglected by their parents.  The report also alleged that Jerry had
sexually abused both his sister and his niece. 
An investigation into Texas Department of Protective and Regulatory
Services (TDPRS) records revealed that there were two previous referrals
concerning neglect of the Lynches= son.   Kallie Capps, a DCCPS
caseworker, went to the Lynch home on January 12, 2000.  Capps reported that the house was neatly
organized but that the carpet and furniture were badly soiled, that there was
an overwhelming smell of urine, and that Janis appeared unkempt.  Capps spoke with Janis and explained the
allegations to her.  Janis told Capps
that there had been sexual abuse in Jerry=s family but that no one had accused Jerry of sexual abuse.








Capps
contacted Jerry=s sister and Jerry=s niece separately, and they both related to
Capps that they had been sexually abused by Jerry.  DCCPS determined that Jerry should leave the home while the
investigation was being conducted.  On
February 9, 2000, Capps went to the Lynch home. This time she spoke with Jerry,
who denied ever sexually abusing anyone. 
Capps discussed the Asafety plan@ with
the Lynches which required Jerry to leave the home while the investigation was
being conducted and which provided that Jerry would not have unsupervised
contact with the children.  The Lynches
initially refused to sign the safety plan.  
Capps was authorized to remove the children if the Lynches did not agree
to the safety plan, and she then called the police for assistance.   After the police arrived, the Lynches
agreed to the safety plan. 

On
February 10, 2000, Capps learned of allegations that Jerry had sexually abused
three other children.  Capps was
contacted by the Lynches= attorney on that same day, and he informed her that he believed the
safety plan was invalid and that Jerry was returning to the home.  DCCPS determined that a stronger safety plan
was needed which would require Jerry to leave the home and have no contact with
the children.  Capps went to the Lynches= home, but they would not allow her in the
home until their attorney arrived. 
Capps, Jerry, and the Lynches= attorney met at the police station, and the Lynches eventually signed
the second safety plan. 

On March
27, 2000, DCCPS filed a petition seeking temporary managing conservatorship of
the 2 Lynch children.  The trial court
held a hearing on the motion on July 13, 2000, and again on July 24, 2000.  On July 24, 2000, the trial court ruled that
Jerry could return to the home; and on July 27, 2000, the trial court entered a
temporary order appointing Jerry and Janis as joint temporary managing conservators
of the children and TDPRS as temporary possessory conservator of the
children.  On August 9, 2000, the trial
court entered another order denying DCCPS=s petition for appointment of temporary managing conservator of the
children.[1]  On August 22, 2000, the Lynches filed a
motion for frivolous claims, and that motion was denied on September 6, 2000. 

In their
first three issues on appeal, the Lynches argue that the trial court erred in
denying their motion for frivolous claims. 
They argue that the evidence is legally and factually sufficient to
support their motion and that they committed no error of law in preparing and
presenting their motion.  TEX. CIV.
PRAC. & REM. CODE ANN. ' 105.002 (Vernon 1997) provides that:

A party to
a civil suit in a court of this state brought by or against a state agency in
which the agency asserts a cause of action against the party, either originally
or as a counterclaim or cross claim, is entitled to recover, in addition to all
other costs allowed by law or rule, fees, expenses, and reasonable attorney's
fees incurred by the party in defending the agency's action if:

 

(1) the
court finds that the action is frivolous, unreasonable, or without
foundation;  and








 

(2) the action is
dismissed or judgment is awarded to the party. 

 

In
determining whether the trial court should have awarded attorney's fees pursuant
to Section 105.002, we look at the agency=s cause of action, and not whether particular incidents of the agency's
conduct were frivolous, unreasonable, or without foundation.  See Black v. Dallas County Child Welfare
Unit, 835 S.W.2d 626 (Tex.1992).

The record reveals that DCCPS received a report that the Lynch children
were being neglected.  Upon
investigation of that report, DCCPS learned that there had been previous
allegations that Jerry had sexually abused other children.  DCCPS contacted Jerry=s niece and Jerry=s sister who both confirmed that they had
been sexually abused by Jerry.  DCCPS
believed that there was a risk of the Lynch children being sexually abused by
Jerry and sought to have Jerry removed from the home and to have DCCPS
appointed as temporary managing conservator of the children while the family
received services from TDPRS.  The
Lynches received a letter from Capps dated March 30, 2000, which they contend
showed that the cause of action was frivolous and should not have proceeded to
the hearing on the DCCPS motion. 
However, the letter states that A[t]he allegations in this case were neither validated or negated and
[DCCPS] will be providing further services to your family.@  The
record does not support the Lynches claim that the cause of action was
frivolous, unreasonable, and without foundation.  The Lynches= first, second, and third issues on appeal are overruled.  Because we find that the trial court did not
err in overruling the Lynches= motion for frivolous claims, we need not reach the remaining issue on
appeal concerning costs and attorney=s fees.  TEX.R.APP.P. 47.1.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

January
31, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot,
C.J., and

Wright, J., and McCall,
J.











[1]On September 6, 2000, the trial court entered a nunc pro
tunc order amending the August 9 order.